# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9158 | **DATE** | 8/23/2004 |
| **CASE TITLE** | Sardar M. Sheikh vs. U.S. Filter Culligan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Paragraphs 4, 24 and 26 of defendant's Answer are stricken, albeit with leave granted to file an appropriate amendment to the Answer in this Court's chambers on or before September 7, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 2 4 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | rbf | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/23/2004 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SARDAR M. SHEIKH,         )
                          )
         Plaintiff,       )
                          )
    v.                    )  No. 03 C 9158
                          )
U.S. FILTER, CULLIGAN     )
INTERNATIONAL,            )
                          )
         Defendant.       )

DOCKETED
AUG 2 4 2004

MEMORANDUM OPINION AND ORDER

Culligan International Company ("Culligan," incorrectly named in the Complaint as "U.S. Filter, Culligan International") has filed its Answer and Affirmative Defenses ("ADs") to the Amended Complaint ("AC") filed by appointed counsel for Sardar Sheikh ("Sheikh"). Because that responsive pleading has inexplicably introduced some pleading errors that were not present in Culligan's Answer to Sheikh's original pro se Complaint, this memorandum order is issued sua sponte to require the correction of those items.

Answer ¶¶4, 24 and 26 assert that certain of the AC allegations "state legal conclusions which require no answer from Culligan." That is simply wrong, for no lesser authority than the Supreme Court has made it plain that legal conclusions are an integral and appropriate part of federal pleading, so that they too must be answered as mandated by the first sentence of Fed. R. Civ. P. Rule 8(b) -- see App. ¶2 to State Farm Mut. Auto. Ins. Co.



v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001) and cases cited there. Accordingly those three paragraphs are stricken, albeit with leave granted to file an appropriate amendment to the Answer in this Court's chambers (with a copy of course being sent contemporaneously to Sheikh's counsel) on before September 7, 2004.

As long as Culligan's counsel is returning to the drawing board in any event, he must also eliminate the "to the extent" hedges contained in Answer ¶¶24 and 26. That locution is totally uninformative and hence unacceptable, for it gives neither opposing counsel nor this Court any clue as to the particular matters that the pleader seeks to deny. If any pleader intends to target a portion of an opposing party's pleading as somehow inadequate, he or she must instead provide chapter and verse.

For the same reason, the comparable hedges in ADs 1, 3 and 4 do not qualify even under the notice pleading regime in force in the federal courts. Each of those ADs is therefore also stricken, this time without leave being granted to reassert such defenses unless appropriate specifics are provided.

No charge is to be made to Culligan by its counsel for the added work and expense incurred in correcting counsel's errors. Culligan's counsel is ordered to apprise his client to that

effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

[signature]
Milton I. Shadur
Senior United States District Judge

Date: August 21, 2004

G:\03C9153SheikhvCulliganMOO.wpd